Lamar W. LENDERMAN, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–904.

United States Court of Veterans Appeals.

Decided Nov. 20, 1992.

Lamar W. Lenderman, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel,. and William S. Mailander, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

This case presents for review a February 11, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied appellant's claim for entitlement to an increased rating for schizophrenia, paranoid type, currently rated as 30% disabling. Upon consideration of the pleadings and the record on appeal, the Court concludes that the Board erred when it failed (1) to consider pertinent evidence and (2) to evaluate whether appellant was unemployable. The Board's decision is vacated, and the case is remanded for further proceedings.

Appellant has been service connected for schizophrenia, paranoid type, at 30% since 1953. R. at 8. In 1988, he sought an increased rating, submitting letters from both Veterans' Administration (VA) physicians and private physicians. He was denied an increased rating in a May 3, 1989, Board decision. R. at 21. In 1990, he again sought an increased rating by submitting additional treatment records. He was denied an increase in a February 11, 1991, Board decision, and he appealed to this Court.

Appellant asserts that the Board erred by failing to consider a March 1988 private medical record in reaching its decision, and by failing to consider whether he was entitled to a total rating based on individual unemployability. The Secretary of Veterans Affairs (Secretary) argues, in response, that the March 1988 medical record was fully considered by the BVA in a 1989 decision and that the BVA in 1991 correctly considered only the most recent clinical evidence of record in order to evaluate his condition. The Secretary further argues that the Board did not consider whether appellant was entitled to unemployability, because he had not raised the issue before the Board.

This Court held in *Proscelle v. Derwinski*, 2 Vet.App. 629 (1992) that a claim for an increase is a new claim, and, therefore, not subject to the provisions of 38 U.S.C. § 7104(b) (formerly § 4004(b)) which require that an appellant submit new and material evidence before a claim will be reopened. Since a claim for an increase is a new claim, all the relevant evidence of record must be considered in order to establish to which disability rating an appellant is entitled. 38 U.S.C. § 7104(a) (formerly § 4004(a)) (Board must consider all evidence and material of record); 38 C.F.R. §§ 4.1, 4.2, 4.130 (1991). Therefore, contrary to the Secretary's assertions, the Board in 1991 was required to consider the 1988 medical record, and, pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) and *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), to provide an adequate statement of reasons or bases for its evaluation of it,

despite the fact that the same evidence was previously before the Board in 1989.

The Secretary is also incorrect in his assertion that appellant did not raise the issue of unemployability below. In a December 4, 1989, statement, appellant wrote: "In view of this overwhelming mental state there is no possibility of any substantial gainful work, nor gainful occupation." R. at 44. On remand the Board must consider whether appellant meets the appropriate criteria. *See* 38 C.F.R. §§ 3.321, 3.341, 4.16(b) (1991); *Mingo v. Derwinski*, 2 Vet. App. 51, 53–54 (1992). Although appellant argues that he is entitled to a new VA examination to determine unemployability, we leave it to the Board to decide whether such is in order.

Accordingly, the Board decision is VACATED and the case is REMANDED for readjudication consistent with this decision.