﻿Citation Nr: AXXXXXXXX
Decision Date: 02/22/19 Archive Date: 02/21/19

DOCKET NO. 180731-116
DATE: February 22, 2019

ORDER

Entitlement to an earlier effective date for service connection of diabetes mellitus is denied.

FINDINGS OF FACT

1. The Veteran filed a claim of service connection for diabetes mellitus in November 2012; it was denied in a February 2014 rating decision; he initiated an appeal with a July 2014 notice of disagreement; the Veteran did not perfect the appeal and the February 2014 rating decision became final. 

2. The Veteran filed an Intent to File a claim for service connection for diabetes mellitus on October 28, 2016, and service connection was awarded as of such date.

CONCLUSION OF LAW

An effective date earlier than October 28, 2016, for the grant of service connection for diabetes mellitus is not warranted. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.157, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

RAMP introduction

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran selected the Supplemental Claim lane when he submitted the RAMP

election form. Accordingly, the June 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed the RAMP rating decision to the Board and requested direct

review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to an earlier effective date for service connection of diabetes mellitus 

The Veteran asserts that he is entitled to an effective date prior to October 28, 2016 for the award of service connection for diabetes mellitus. Specifically, he argues that he should be granted an effective date of November 9, 2012. 

The AOJ found that an earlier effective date for the grant of service connection for diabetes mellitus was not warranted. Upon review of the record, the Board finds that the currently assigned effective date of October 28, 2016, is the earliest effective date assignable for service connection for diabetes mellitus as a matter of law.

In general, the effective date of an award of disability compensation, in conjunction with a grant of entitlement to service connection, shall be the day following separation from active service or the date entitlement arose if the claim is received within one year of separation from service; otherwise, the effective date shall be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (b)(2)(i). 

When there is a prior final decision in the claims file and a later reopened claim results in a grant of the benefit, the general rule for effective dates for reopened claims applies. In such cases the effective date cannot be earlier than the subsequent claim to reopen. 38 C.F.R. § 3.400 (r), 3.400(q)(2). The fact that a claimant had previously submitted claim applications which had been denied, is not relevant to the assignment of an effective date based on his current application. “Nothing in the statute indicates that an effective date can be set based upon an application that resulted in a final disallowance of the claim.” Wright v. Gober, 10 Vet. App. 343, 347 (1997).

“The statutory framework simply does not allow for the Board to reach back to the date of the original claim as a possible effective date for an award of service-connected benefits that is predicated upon a reopened claim.” Sears v. Principi, 16 Vet. App. 244, 248 (2002). For a veteran to be awarded an effective date based on an earlier claim, he or she must show clear and unmistakable error (CUE) in the prior denial of the claim. Flash v. Brown, 8 Vet. App. 332, 340 (1995); Rudd v. Nicholson, 20 Vet. App. 296, 299 -00 (2006). The Veteran has not alleged that the February 2014 rating decision contained CUE. The Board acknowledges the October 2018 statement from the Veteran’s current representative which references CUE. In this regard, he alleges that “the DRO fails to account for the CUE allegation made by the recent examiner whose medical opinion resulted in the Veteran’s service connection.” The Veteran contention is that there is CUE in the June 2018 rating decision, which is currently on appeal (not final). As such, a proper CUE claim was not raised in this case and is not properly before the Board.

The Veteran filed an Intent to File on October 28, 2016. Subsequently, he filed a formal claim in July 2017. In a December 2017 rating decision, the RO granted the Veteran service connection for diabetes mellitus, effective October 28, 2016, the date VA received his informal claim. The Veteran asserts that the earliest effective date for service connection for diabetes mellitus was not assigned as the Veteran’s original claim of entitlement to service connection for was received by VA in November 2012. However, there is no outstanding claim that is related to the November 2012 submission. Furthermore, there is no outstanding claim prior to the October 2016 informal claim.

The question in this appeal is whether any evidence of record prior to October 28, 2016, could serve as a formal or informal claim in order to entitle the Veteran to an earlier effective date for diabetes mellitus. In this regard, any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris may be considered an informal claim. Such informal claim must identify the benefit sought. 38 C.F.R. § 3.155.

The Veteran’s diabetes mellitus was originally denied in an February 2014 rating decision. He was notified of this decision in a February 2014 letter. He filed a notice of disagreement in July 2014, and in April 2016, a statement of the case (SOC) was issued. The Veteran did not submit a substantive appeal and the decision became final. 

The Board has considered the Veteran’s contentions. Specifically, he contends that the medical evidence supports the award of an earlier effective date because records show elevated blood glucose levels in July 1997. He further argues that the November 2018 VA examiner’s positive nexus opinion and statement that a work up should have been done when the Veteran had elevated blood sugar during active duty is evidence that supports the award of an earlier effective date. However, there is no evidence of an informal or formal claim for service connection for diabetes, or a written intent to file an application to reopen his previously denied claim filed after the February 2014 denial and prior to the April October 2016, Intent to File. Therefore, the only date that could serve as a basis 

(Continued on the next page)

 

for the award of service connection is the date of receipt of the Veteran’s Intent to File on October 28, 2016. There is no legal entitlement to an earlier effective date of service connection for diabetes mellitus. See Leonard v. Nicholson, 405 F.3d 1333, 1337 (Fed. Cir. 2005) (indicating that “[n]o matter how [the Veteran] tries to define ‘effective date,’ the simple fact is that, absent a showing of CUE, he cannot receive disability payments for a time frame earlier than the application date of his claim to reopen, even with new evidence supporting an earlier disability date”); Sears v. Principi, 349 F.3d 1326 (Fed. Cir. 2003).

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Hemphill, Associate Counsel