﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191030-42337
DATE: May 29, 2020

ORDER

Entitlement to an effective date earlier than August 30, 2017 for the grant of service connection for right shoulder impingement syndrome with acromioclavicular joint osteoarthritis is denied.

FINDING OF FACT

1. Service connection for a right shoulder disability was last denied in an August 2013 rating decision. The Veteran did not appeal that decision or submit new and material evidence within a year of the decision. The decision became final.

2. In a December 2017 rating decision, the Veteran was granted service connection for a right shoulder disability. The Veteran was assigned an effective date of August 30, 2017, the date of receipt of the claim to reopen. 

3. No claim, either formal or informal, alleging entitlement to service connection for a right shoulder disability was presented to VA between the August 2013 rating decision and August 30, 2017.

CONCLUSION OF LAW

The criteria for entitlement to an effective date earlier than August 30, 2017 for the grant of service connection for right shoulder impingement syndrome with acromioclavicular joint osteoarthritis have not been met. 38 U.S.C. § 5110, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.156(c), 3.400 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the U.S. Army from April 1970 to April 1973 and April 1975 to February 1981. 

Entitlement to an effective date earlier than August 30, 2017 for the grant of service connection for right shoulder impingement syndrome with acromioclavicular joint osteoarthritis

The Veteran appeals the denial of an effective date earlier than August 30, 2017 for the grant of service connection for right shoulder impingement syndrome with acromioclavicular joint osteoarthritis. Based on the evidence of record, the Board finds that the currently assigned effective date of August 30, 2017 for the award of service connection is the earliest possible effective date assignable in this case. 

In this regard, the evidence shows that the Veteran submitted a claim for service connection for a right shoulder disability in June 1989. In a July 1990 rating decision, service connection for a right shoulder disability was denied. The Veteran was notified of the decision in July 1990. The decision was confirmed in August 1990. The Veteran expressed disagreement with the denial in August 1990. A Statement of the Case was issued in September 1990. 

In October 1990, the Veteran requested an extension to respond to his appeal. He was granted a 60-day extension in November 1990. The Veteran did not submit any additional evidence within the applicable time frame nor did he submit a VA Form 9 Substantive Appeal. Rather, the next communication submitted by the Veteran and received by the RO was in October 1992. The July 1990 rating decision became final. 38 C.F.R. §§ 3.156, 20.200-305. 

In March 1993, the Veteran submitted a request to reopen his claim for service connection. The RO denied reopening the claim in April 1993 and informed the Veteran of the denial and of his appellate rights. The Veteran did not appeal nor did he submit new and material evidence within one year. The April 1993 rating decision became final. 38 C.F.R. §§ 3.156, 20.200-305.

The Veteran submitted a request to reopen his claim for service connection in December 2008. The claim to reopen was denied in April 2009. The Veteran was notified of the denial and his appellate rights in Apri 2009. He did not appeal that decision or submit new and material evidence within the appeal period. The decision became final. 38 C.F.R. §§ 3.156, 20.200-305.

In a June 2012 statement, the Veteran expressed that he was “requesting an increase for his PTSD, migraine headache, right knee and right shoulder.” The claim to reopen was denied in August 2013. The Veteran was notified of the denial and his appellate rights in September 2013. He did not appeal that decision or submit new and material evidence within the appeal period. The decision became final. 38 C.F.R. §§ 3.156, 20.200-305.

A reopened claim for service connection for a right shoulder disability was received on August 30, 2017. 

Section 5110(a) of title 38, U.S. Code, governs the assignment of an effective date for an award of benefits: The effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a). The implementing regulation similarly states that except as otherwise provided, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. See 38 C.F.R. § 3.400.

VA amended its adjudication regulations on March 24, 2015 to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises. The amendments implement the concept of an intent to file a claim for benefits, which operates similarly to the informal claim process, but requires that the submission establishing a claimant’s effective date of benefits must be received in one of three specified formats. The amendments also eliminate the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims to reopen under 38 C.F.R. § 3.157. See 38 C.F.R. § 3.1. The amended regulations, however, apply only to claims filed on or after March 24, 2015. Thus, prior to March 24, 2015, the standardized forms were not required.

For the time period prior to March 24, 2015, any communication or action indicating an intent to apply for one or more benefits under laws administered by the VA from a claimant may be considered an informal claim. Such an informal claim had to identify the benefits sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form was to be forwarded to the claimant for execution. If the application form was received within one year from the date it was sent to the claimant, it would have been considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155(a). To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992).

Here, the RO received the Veteran’s claim to reopen on August 30, 2017. There were no formal or informal claims for service connection for a right shoulder disability between the final August 2013 RO’s denial of service connection for a right shoulder disability and August 30, 2017. As such, the assigned effective date of August 30, 2017 for the award of service connection is the earliest possible effective date assignable in this case.

The Board is mindful that the Veteran argues that the effective date of service connection for his right shoulder disability should go back to when he initially filed his claim in June 1989. He argues that he was ultimately granted service connection in 2017 based on service treatment records that “the VBA should have requested/utilized in the 1990 decision.” He argues that “these records were in the possession of the VBA at the time of the 1990 decision, but not secured or utilized. If they had been used it is evident the veteran had more than “pain in right shoulder, three days duration.” As the 1990 decision dates. The rater would have come to the same conclusion the CVSR did in 2017.” 

Under the provisions of 38 C.F.R. § 3.156(c), any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed but were not associated with the claims file when VA first decided the claim, VA will reconsider the claim. The Board notes, however, that the service treatment records were of record when the Veteran was denied service connection in the July 1990 decision and in subsequent decisions. The July 1990 rating decision specifically cited the service treatment records cited by the Veteran above: “Review of SMRs shows veteran was seen in 6/78, for pain in right shoulder three days duration. Impression was tendonitis.” The RO also cited additional references to physical therapy treatment records. Therefore, this argument is without merit as no relevant service treatment records were added to the record after any final decision to warrant a reconsideration of the final denial. 

To the extent that the Veteran argues that the effective date of service connection for his right shoulder disability should go back to when he initially filed his claim in June 1989, this would represent a prohibited “freestanding claim.” Here, any attempt to revisit the prior decision and the finality that attached would be no more than a freestanding claim for an earlier effective date. However, such a possibility vitiates the rule of finality. Accordingly, to the extent that the Veteran has improperly raised a freestanding claim for an earlier effective date in an attempt to overcome the finality of the prior decision, his appeal will be dismissed. Rudd v. Nicholson, 20 Vet. App. 296 (2006). 

The Board has considered whether 38 C.F.R. § 3.157 (b), in effect prior to March 24, 2015, is applicable. This provision stated that once a formal claim for pension or compensation has been allowed or a formal claim for compensation disallowed for the reason that the service-connected disability is not compensable in degree, receipt of (1) a report of examination or hospitalization by VA or uniformed services, (2) evidence from a private physician or layman, or (3) reports and records from State and other institutions will be accepted as an informal claim for increased benefits or an informal claim to reopen.

However, the Court has held that this regulation only applies to a particular group of claims. See Pacheco v. Gibson, 27 Vet. App. 21 (2014) (en banc) (construing ambiguity contained in §3.157 as applying to a previous disallowance for a service-connected disability not being compensable in degree); see Sears v. Principi, 16 Vet. App. 244, 249 (2002) (finding that § 3.157 applies to a defined group of claims, i.e., as to disability compensation, those claims for which a report of a medical examination or hospitalization is accepted as an informal claim for an increase of a service-connected rating where service connection has already been established). Specifically, VA medical records are not accepted as informal claims for disabilities where service connection has not been established, since the mere presence of medical evidence does not establish intent on the part of the Veteran to seek service connection for a condition. See Brannon v. West, 12 Vet. App. 32, 35 (1998); see also Lalonde v. West, 12 Vet. App. 377, 382 (1999). Thus, any reference to the right shoulder in the VA clinic setting cannot constitute a formal or informal claim under 38 C.F.R. § 3.157(b). Pacheco, 27 Vet. App. 21 (2014); Sears, 16 Vet. App. at 249.

To the extent that the Veteran may be raising a claim of clear and unmistakable error (CUE) in the prior decision, the Board notes that a valid claim of CUE requires a claimant show that either the correct facts, as they were known at the time, were not before the adjudicator, or that the statutory or regulatory provisions extant at the time were incorrectly applied. Russell v. Principi, 3 Vet. App. 310 (1992) (en banc). In order to raise a valid allegation of CUE, the claimant needs to provide specific reasons as to why any alleged error was outcome-determinative. The Board has no jurisdiction over such a claim at this time. However, the Veteran is advised of his right to file such a claim.

(continued on the next page)

For the reasons set out above, the Board finds against the claim. Here, there were prior, final denials of the issue at hand followed by a claim to reopen. Under such circumstances, the effective date is governed by the date of receipt of the claim to reopen; August 30, 2017. As the applicable law and regulatory provisions are clear on the issue at hand, the Board concludes that the appeal for an earlier effective date for a grant of service connection for a right shoulder disability must be denied. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. The preponderance of the evidence is against the claim and there is no doubt to be resolved in the Veteran’s favor. 38 U.S.C. § 5107(b), Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).

 

 

T. MAINELLI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T.S. Willie

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.