Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200501-82498
DATE: July 14, 2021

ORDER

An effective date earlier than October 18, 2018, for the award of a 10 percent rating for right foot hallux valgus is denied.

An effective date earlier than October 18, 2018, for the award of a 10 percent rating for left foot hallux valgus is denied.

FINDING OF FACT

There was no pending increased rating claim for the right foot hallux valgus or left foot hallux valgus after the February 2001 final rating decision and prior to the October 18, 2018, intent to file a claim notification letter; there was no evidence for the year preceding October 18, 2018, reflecting a factually ascertainable worsening of the hallux valgus.

CONCLUSION OF LAW

1. The criteria for an effective date earlier than October 18, 2018, for the award of a 10 percent rating for right foot hallux valgus have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.155, 3.400.

2. The criteria for an effective date earlier than October 18, 2018, for the award of a 10 percent rating for left foot hallux valgus are not met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.155, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1973 to January 2000. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2019 rating decision. 

In the May 2019 rating decision, the Agency of Original Jurisdiction (AOJ) granted service connection for left foot hallux valgus and assigned a 10 percent rating, effective October 18, 2018, and increased the rating for the right foot hallux to a 10 percent, effective October 18, 2018. 

The portion of the May 2019 rating decision that granted service connection for left foot hallux valgus appears to be in error, as service connection for left foot hallux valgus was already in effect. See rating decision (February 2001) (where the RO granted service connection for bilateral hallux valgus and assigned a noncompensable rating effective February 1, 2000). Regardless, the May 2019 rating decision granted an increased rating of 10 percent for the left foot hallux valgus, effective October 18, 2018, and the favorable award of a 10 percent rating effective October 18, 2018, will not be disturbed. 

In May 2020, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)), elected the Direct Review lane, and indicated that he disagreed with December 2019 rating decision. In particular, the Veteran indicated that he disagreed with the effective date of October 18, 2018, for the award of the increased ratings of 10 percent for left foot hallux valgus and right foot hallux valgus.

In this case, the Veteran's May 2020 VA Form 10182 indicates that he disagreed with the effective date of October 18, 2018, for the award of the increased ratings of 10 percent for left foot hallux valgus and right foot hallux valgus rather than the higher rating assigned for left foot hallux valgus and right foot hallux valgus. Therefore, ratings higher than 10 percent for left foot hallux valgus and right foot hallux valgus are currently not on appeal, as the Veteran has not submitted a VA Form 10182 indicating that he disagreed with the 10 percent ratings for left foot hallux valgus and right foot hallux valgus.

The Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

1. An effective date earlier than October 18, 2018, for the award of a 10 percent rating for right foot hallux valgus.

2. An effective date earlier than October 18, 2018, for the award of a 10 percent rating for left foot hallux valgus.

Generally, the effective date of a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. The effective date of an award for increased disability compensation shall be the earliest date as of which it is factually ascertainable that an increase in disability has occurred, if the claim is received within one year from such date; otherwise, it is the date of receipt of the claim. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2); see also Hazan v. Gober, 10 Vet. App. 511 (1997) (requiring VA to consider the evidence of disability during the period one year prior to the application in order to determine when a factually ascertainable increase in disability occurred).

The "date of the claim" means the date of the application based upon which benefits are awarded, not the original claim for service connection. Sears v. Principi, 16 Vet. App. 244, 246-47 (2002), aff'd, 349 F.3d 1326 (Fed. Cir. 2003). In this context, the provisions of 38 U.S.C. § 5110 also refer to the date an application is received. Although the term "application" is not defined in the statute, the regulations use the terms "claim" and "application" interchangeably, and they are defined broadly to include "a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit." 38 C.F.R. §§ 3.1(p), 3.155; Servello v. Derwinski, 3 Vet. App. 196, 198 (1992).

A specific claim in the form prescribed by VA must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101 (a); 38 C.F.R. § 3.151 (a). Claims mean a written or electronic communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit. 38 C.F.R. § 3.1 (p).

VA amended its adjudication regulations on March 24, 2015 to require that all claims governed by VA's adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises. See 79 Fed. Reg. 57660 (Sept. 25, 2014). The amendments, however, are only effective for claims and appeals filed on or after March 24, 2015. In this case, the Veteran's claim for entitlement to an increased rating for bilateral hallux valgus was filed after that date and the record has been reviewed prior to March 24, 2015 for informal claim for an increased rating for bilateral hallux valgus but none were found. Therefore, the amendments are applicable to this claim.

The Veteran's right foot hallux valgus and left foot hallux valgus was rated as noncompensable prior to October 18, 2018, and 10 percent disabling thereafter under Diagnostic Code (DC) 5280. 

The Veteran asserts that an effective date earlier than October 18, 2018, for the award of the 10 percent ratings for the right foot hallux valgus and left foot hallux valgus is warranted. Specifically, the Veteran claims that an effective date of February 1, 2000, for the award of the 10 percent ratings for the right foot hallux valgus and left foot hallux valgus is warranted because that is the date of his original claim of service connection for hallux valgus, which was granted in a February 2001 rating decision. See VA Form 10182 (May 2020).

The evidence shows that in a February 2001 rating decision, the RO granted service connection for bilateral hallux valgus and assigned a noncompensable rating effective February 1, 2000, the date of the Veteran's service connection claim for hallux valgus (claimed a weakness in foot).

The Veteran did not submit a notice of disagreement (NOD) with the February 2001 rating decision within one year from the date of the notification or submit new evidence. Therefore, the February 2001 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. § 20.200.

Accordingly, an effective date for the 10 percent ratings for the right foot hallux valgus and left foot hallux valgus cannot be established prior to the final February 2001 rating decision. 

Following the issuance of the February 2001 rating decision, the relevant evidence regarding hallux valgus includes an October 2018 VA letter that states that on October 18, 2018, VA received the Veteran's intent to file a claim for compensation. 

In the October 2018 VA letter, VA notified the Veteran that if a completed application for compensation was received within one year from the date of his intent to file was received, the Veteran would be compensated from the date of his intent to file was received. Thereafter, in a January 2019 VA Form 21-526EZ, the Veteran indicated that he was seeking an increased rating for weak foot condition, bilateral.

Thereafter, the evidence includes the May 2019 rating decision that granted increased ratings for the right foot hallux valgus and the left foot hallux valgus to 10 percent ratings, effective October 18, 2018. 

In May 2020, the Veteran timely disagreed with the May 2019 rating decision and indicated that he disagreed with the effective date of the right foot hallux valgus and the left foot hallux valgus.

For the reasons below, an effective date earlier than October 18, 2018, for the award of the 10 percent ratings for right foot hallux valgus and the left foot hallux valgus is not warranted.

After the February 2001 final rating decision, on October 18, 2018, VA received the Veteran's intent to file a claim for compensation. Thereafter, in January 2019 the Veteran submitted an increased rating claim for weak foot condition, bilateral. See VA form 21-526EZ (January 2019). 

After the February 2001 rating decision and prior to the October 18, 2018, intent to file a claim for compensation, there was no pending claim (informal or formal) for an increased rating for the right foot hallux valgus and/or the left foot hallux valgus. Additionally, the Veteran does not assert that he submitted a claim for an increased rating for bilateral hallux valgus after the February 2001 rating decision and prior to October 18, 2018. 

The evidence also does not demonstrate more severe hallux valgus symptoms to warrant higher ratings in the year preceding October 18, 2018. 38 C.F.R. § 3.440(o)(2).

To this extent, after the February 2001 rating decision and prior to October 18, 2018, the evidence does not include any medical evidence (including treatment records) or statements from the Veteran regarding his right foot hallux valgus and/or the left foot hallux valgus.

(Continued on the next page)

 

Thus, in this case, there is no factually ascertainable evidence that during the year preceding October 18, 2018, the Veteran's right foot hallux and the left foot hallux had increased in severity to meet the criteria for 10 percent disability ratings. 

In sum, there was no pending claim for increased ratings for hallux valgus after the February 2001 rating decision and prior to the intent to file received October 18, 2018. Also, there was no evidence in the year preceding October 18, 2018, reflecting a factually ascertainable worsening of hallux valgus. As the preponderance of the evidence is against the claims, the benefit-of-the-doubt doctrine is not for application, and an effective date earlier than October 18, 2018, for the award of increased ratings of 10 percent ratings for the right foot hallux valgus and the left foot hallux valgus is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3.

 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Castillo, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.