**John A. LALONDE, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–841.

United States Court of Appeals for Veterans Claims.

May 11, 1999.

Stephen A. Stefanski was on the brief for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Patricia Trujillo, Washington, DC, were on the brief for appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

HOLDAWAY, Judge:

The appellant, John A. Lalonde, appeals from a March 1997 decision of the Board of Veterans' Appeals (BVA or Board) that determined, inter alia, that he was not entitled to an effective date earlier than March 30, 1993, for an award of secondary service connection for an anxiety disorder, with depression, that was related to his service-connected gastric disorder. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The appellant served on active duty from June 1946 to October 1947 and from January 1949 to November 1950. In May 1951, the appellant was granted service connection for a chronic duodenal ulcer. In October 1951, he was admitted to a VA hospital for complaints of epigastric pains and a burning sensation in his stomach. The medical examiner noted that the "there [was] moderate nervousness and tension associated with this stomach condition." In April 1952, the appellant underwent a subtotal gastrectomy.

The VA regional office (VARO) received an application for VA compensation and pension benefits from the appellant on July 2, 1964. On the application form, he described the "nature of the sickness, disease, or injury" for which his claim was made as follows: "Post gastrectomy symptoms since about 1952. At the present time my symptoms are becoming worse; feelings of weakness, nervousness. I worry quite a bit and my mental condition is becoming worse. Pains in my neck. Gall bladder trouble since about two years ago." Section 17A on the form requested information about treatment in service. In that section, the appellant wrote, "service-connection [sic] has already been established." A VA psychiatric evaluation in October 1964 diagnosed the appellant with moderate depressive reaction. The psychiatrist discussed the appellant's past symptomatology, but did not opine as to the etiology of the appellant's disorder. In November 1964, the VARO increased the appellant's

evaluation for status post gastrectomy due to a duodenal ulcer. The VARO also established a 30% non-service-connected evaluation for depressive reaction and a 10% non-service-connected evaluation for cholecystectomy and denied eligibility for non-service-connected pension benefits. In January 1965, the appellant filed a Notice of Disagreement (NOD) specifically challenging the disability rating for his duodenal ulcer. He did not express disagreement with the VARO determination that his mental condition was non-service-connected. A Statement of the Case was issued which summarized the VARO decision as follows:

> Rating action increased the evaluation for his service[-]connected stomach condition from 20[%] to 40[%]. . . . This same rating evaluated his non[-]service[-]connected nervous condition as 30[%] disabling and his gallbladder operation as 10[%] disabling. As the combined evaluation according to the rating table was 60[%],it [sic] was determined that the conditions for an evaluation of permanent and total disability had not been met.

The appellant did not appeal the rating decision to the Board, and the decision became final.

A VA special gastrointestinal examination in February 1965 noted the following:

> *COMMENT:* There is a record in the file showing that after one of the examinations, the [patient] was diagnosed as a rather thin, sthenic, [sic] depressed, ruminating, hypochondrial [sic] individual with psychomotor behavior diminished, and the impression was one of moderate depressive reaction. I believe this diagnosis fulfills his condition at the present time.

The appellant was diagnosed with "very severe" anxiety and tension syndrome in May 1966. At an August 1966 VA psychiatric examination, the appellant stated that he felt that his anxiety symptoms dated back to his original gastric surgery. That same month, the VARO increased his non-service-connected rating for anxiety reaction to 50%. The appellant's medical records documented his continued treatment for and complaints of a nervous condition. However, no examiner since 1951 had expressed an opinion regarding the etiology of the appellant's nervous condition.

In March 1983, the appellant submitted, in support of his claim for an increased rating for his service-connected ulcer disability, a statement from Earl H. Morrogh, M.D. Dr. Morrogh opined that the appellant's bowel obstruction was secondary to his intestinal adhesions caused by the ulcer and perforation. He also stated that the appellant "has a nervous problem following this gastric difficulty and takes tranquelizing [sic] type medicine at all times." An April 1983 rating decision, which denied service connection for the bowel obstruction and for an increased rating for the residuals of his gastrectomy, did not discuss the appellant's nervous condition. In May 1983, Richard J. Schmidt, M.D., opined that for various reasons it was "undoubtable" that the appellant's bowel obstruction was secondary to his past gastric surgery. The appellant appealed to the Board. A June 1984 BVA remand order did not discuss the appellant's nervous condition. At a December 1984 VA medical examination for disability evaluation, the appellant complained that his mental condition was becoming worse, but the examiner did not review his nervous system. In January 1985, the VARO granted service connection for intestinal obstruction secondary to his gastrectomy, but denied an increased rating.

In February 1985, the appellant sent his Congressman a copy of a January 1985 Supplemental Statement of the Case that explained why the appellant had not been granted an increased rating for his gastric condition and why he had been granted service connection for recurrent bowel obstruction. On that Supplemental Statement of the Case, the appellant wrote the following: "I have been on nerve medicine for over [twenty-five] years. This nervous condition is very common in patient[s], as me, who rec[ceive]d [an] 80% sub[ ]total on their stomach[s]. This condition has never been considered in my case." The appellant asked the Congressman to "look into" his case In March 1985, a copy of the appellant's statement to his Congressman was received by the VARO. In November 1988, the appellant filed a claim for an increased evaluation of his service-

connected condition. The VARO disallowed his claim.

On March 30, 1993, the VARO received a claim from the appellant requesting an increased rating. In February 1994, the VARO received a 1967 Social Security Administration hearing examiner's report that indicated that a medical examiner had opined that the appellant's nervous condition was probably aggravated by his stomach problems. In March 1994, the VARO received a letter from Catherine McDonald, M.D., stating that the appellant's anxiety and depression were "related" to his gastric problems.

The appellant filed a substantive appeal to the BVA in April 1994. Also in April 1994, the appellant was afforded a VA examination for mental disorders wherein the examiner provided the following diagnosis: "Major depression, moderate (which seems to be related to his chronic problems with anxiety and depression secondary to his partial gastrectomy in 1953 when he had 80% of his stomach removed)." The VARO granted the appellant service connection for anxiety and depression with a 30% evaluation effective March 30, 1993. In November 1994, the appellant filed an NOD specifically requesting entitlement to an earlier effective date. In January 1995, the appellant filed a substantive appeal to the BVA. In June 1996, the appellant testified at a personal hearing before a member of the BVA.

On appeal to the BVA, the Board found that the appellant had not filed a claim, formal or informal, prior to March 30, 1993, for compensation benefits for his nervous disorder. The Board therefore concluded that the appellant was not entitled to an earlier effective date.

## II. ANALYSIS

■ The Board's factual findings regarding the date a formal or informal claim was filed, in order to determine the appropriate effective date for an award of VA benefits, are reviewed by this Court under the "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4); *Stewart v. Brown*, 10 Vet.App. 15, 17 (1997); *KL v. Brown*, 5 Vet.App. 205, 207 (1993); *Quarles v. Derwinski*, 3 Vet.App. 129, 135 (1992). " 'A finding of fact is clearly

erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.' " *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... [the Court] cannot overturn them." *Id.* at 53.

> (a) Unless specifically provided otherwise ..., the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110; *see also* 38 C.F.R. § 3.400 (1998) (implementing regulation). In general, the effective date of an award of benefits will depend on the date a claim for such benefits was filed. The Board's failure to consider evidence which may be construed as an earlier application or claim, formal or informal, that would have entitled the claimant to an earlier effective date is remandable error. *See* 38 U.S.C. § 7104(a); *Servello v. Derwinski*, 3 Vet.App. 196, 198–99 (1992) (citing *Gilbert*, 1 Vet.App. at 56–57).

■ A claim for VA benefits must be submitted in the form prescribed by the Secretary. 38 U.S.C. § 5101; *see also Jones v. West*, 136 F.3d 1296, 1299 (Fed.Cir.1998) ("Section 5101 is a clause of general applicability and mandates that a claim must be filed in order for any type of benefits to ... be paid under the laws administered by the Secretary."). The words *application* and *claim* are defined by regulation as "a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1(p) (1998). Any communication or action that demonstrates an intent to apply for an identified benefit may be considered an informal claim. *See* 38 C.F.R. § 3.155(a) (1998). If a claim for disability

compensation has been granted with respect to service connection, but disallowed as non-compensable, certain medical evidence received by VA, which evidences "a reasonable probability of entitlement to benefits," may be accepted as the date of receipt of an informal claim to reopen or for increased benefits. 38 C.F.R. § 3.157(a), (b)(2)-(3) (1998). Upon receipt of an informal claim, the VARO must forward a formal application form to the claimant. *See id.* Also, if an executed formal application form is received by the VARO within one year after the date it was sent to the claimant, it will be deemed filed on the date the informal claim was received. *See id.* After an informal claim has been received, the Secretary's failure to forward a formal application to the claimant may toll the one-year period for the claimant to file a formal application for benefits. *See Hamilton v. Brown,* 4 Vet.App. 528, 544–45 (1993) (en banc) (holding that VA's failure to forward a formal application form after an informal claim had been received tolled the one-year time limit for filing the formal application); *Servello,* 3 Vet.App. at 200 (holding that receipt of medical evidence was an informal claim for *increased* compensation and VA's failure to send a formal application form to the claimant tolled the one-year filing period); *Quarles,* 3 Vet.App. at 137 (same). When determining the effective date of an award of compensation benefits, the BVA is required to review all the communications in the file, after the last final disallowance of the claim, that could be interpreted to be a formal or informal claim for benefits. *See, e.g., Servello,* 3 Vet.App. at 198.

■ The appellant specifically argues that he filed a formal or informal application for secondary service connection of his mental disorder in 1964, and, therefore, that the effective date for his grant of secondary service connection should relate back to that date. That 1964 application stated that he was seeking service connection for the symptoms relating to his service-connected gastric condition, including his psychiatric condition. Therefore, the appellant had filed a formal claim that encompassed secondary service connection for his anxiety disorder. Nevertheless, pursuant to that application the VARO afforded the appellant a psychiatric

examination and determined that his anxiety disorder was a non-service-connected condition. The appellant did not appeal that determination, and it became final. *See* 38 U.S.C. § 7105(c) (stating that if a timely NOD is not filed, the VARO determination becomes final). Because that determination is final, it cannot be reversed or revised absent evidence that the decision was clearly and unmistakably erroneous. *See* 38 U.S.C. § 5109A; 38 C.F.R. § 3.105 (1998). The appellant has not specifically alleged clear and unmistakable error before this Court or the Board. *See Fugo v. Brown,* 6 Vet.App. 40, 44 (1993). Therefore, the date that his 1964 application for compensation benefits was filed cannot serve as the effective date of his recent award of secondary service connection for his anxiety disorder. *See Hazan v. Gober,* 10 Vet.App. 511, 520 (1997) (holding that for effective date purposes, "the application . . . must be an application on the basis of which the increased rating was awarded"); *Washington v. Gober,* 10 Vet.App. 391, 393 (1997) ("The fact that the appellant had previously submitted claim applications, which had been denied, is not relevant to the assignment of an effective date based on a current application."); *Wright v. Gober,* 10 Vet.App. 343, 346–47 (1997) (holding that an application that had been previously denied could not preserve an effective date for a later grant of benefits based on a new application). The Board mistakenly found that the 1964 application was solely for pension benefits and not for disability compensation for secondary service connection of his mental condition. However, for the reasons stated above, because the 1964 application cannot, absent clear and unmistakable error in the related VARO decision, serve as the effective date for his award of secondary service connection for his anxiety disorder, the Board's finding was nonprejudicial error. *See* 38 U.S.C. § 7261(b) (stating that "the Court shall take due account of the rule of prejudicial error"); *Edenfield v. Brown,* 8 Vet.App. 384, 390–91 (1995) (en banc).

The appellant also contends that "[a] review of the record . . . clearly shows that Mr. Lalonde has consistently complained, at least since 1964, of a nervous condition, which

resulted from his gastrointestinal problems." However, the appellant's brief does not point to any communication, besides the 1964 application, that could be construed as a formal or informal claim for benefits prior to 1993. The Board found that the statement received by VA in 1985, which the appellant had sent to his Congressman, did not relate the appellant's nervous disorder to his stomach disorder and did not identify the benefit sought by the appellant, i.e., service connection for his nervous condition. The Board also noted that the appellant had filed a specific request for consideration of secondary service connection for bowel obstruction, and therefore did understand how to file a claim for secondary service connection. The Court finds that because the appellant has not presented any argument contrary to the Board's finding on that issue, he has actually abandoned that specific issue on appeal. See Ford v. Gober, 10 Vet.App. 531, 535–36 (1997) (finding abandonment based on the appellant's failure to address claim in formal pleadings); Bucklinger v. Brown, 5 Vet.App. 435, 436 (1993) (holding that while the appellant had included an issue in his Notice of Appeal and in the statement of issues in his brief, the appellant's failure to provide argument in support of the issue was deemed abandonment of the issue); accord Carbino v. West, 168 F.3d 32 (Fed.Cir.1999); Patton v. West, 12 Vet.App. 272, 285–86 (1999) (Holdaway, J., dissenting) (explaining that it is not the role of the Court to raise an issue for the parties and that failure by a party to present an issue is effectively a waiver of the right to appeal the omitted issue).

■ The Court notes that the appellant is correct that prior to March 1993, medical evidence did exist that indicated that his anxiety disorder was related to his service-connected gastric disorder. The Court understands the appellant's feelings of entitlement to an earlier effective date based on those records. However, the effective date of an award of service connection is not based on the date of the earliest medical evidence demonstrating a causal connection, but on the date that the application upon which service connection was eventually awarded was filed with VA. See Hazan, Washington, and Wright, all supra. Fur-

thermore, because the appellant had not been granted service connection for his anxiety disorder, the mere receipt of medical records cannot be construed as an informal claim. See 38 C.F.R. § 3.157; Brannon v. West, 12 Vet.App. 32, 35 (1998). A 1967 Social Security Administration report indicated that the appellant's nervous condition was probably related to his stomach condition. However, that report was not submitted to VA until February 1994. In March 1983, VA received a letter from Dr. Morrogh indicating that the appellant's bowel obstruction disorder was causally related to his service-connected stomach condition. The doctor also noted that the appellant had had "a nervous problem following [his] gastric difficulty." The appellant submitted the doctor's statement with his substantive appeal seeking an increased rating for his service-connected disorder. The appellant stated, "I do not believe that my examination at the [o]ut [p]atient [c]linic ... took into consideration all my problems that are stated in Dr. Morrogh's letter." At that time, the Board remanded the appellant's claim to the VARO for consideration of secondary service connection for the bowel obstruction disorder. In this matter, the Board found that the doctor's statement regarding the appellant's nervous problems was not a diagnosis and did not attribute the nervous condition to service. The Board's interpretation of the doctor's letter is plausible. Without a diagnosis or opinion by the doctor that the nervous condition was related to the service-connected stomach condition, it would not be reasonable to expect VA to have treated the appellant's communication in his substantive appeal as an informal claim for secondary service connection of the nervous disorder.

■ The appellant filed a *formal* application for VA pension and compensation benefits on March 30, 1993. Subsequently, VA received the 1967 Social Security Administration report and a letter from Dr. McDonald, both indicating that the appellant's mental problems were related to his service-connected gastric problems. The appellant was then afforded a VA psychiatric evaluation that confirmed that the two conditions were related. Based on that information the VARO

granted the appellant secondary service connection for his anxiety disorder. Therefore, the appellant had not filed a formal application prior to March 30, 1993, to which his award of secondary service connection for his anxiety disorder would attach for effective date purposes. Therefore, the Court holds that there is a plausible basis for the Board's decision that the appellant was not entitled to an effective date earlier than March 30, 1993, for the award of secondary service connection of his anxiety disorder. *See Stewart, KL,* and *Quarles,* all *supra.*

### III. CONCLUSION

After consideration of the parties' briefs and a review of the record, the Court holds that the appellant has not established that the BVA committed either legal or factual error that would warrant reversal or remand. Accordingly, the March 1997 decision of the Board is AFFIRMED.