﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190625-10436
DATE: January 30, 2020

ORDER

Entitlement to an effective date prior to February 12, 2019, for grant of service connection for posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The VA did not receive a properly filed formal claim to reopen the issue of entitlement to service connection for PTSD prior to February 12, 2019.

CONCLUSION OF LAW

The criteria for entitlement to an effective date prior to February 12, 2019, for grant of service connection for posttraumatic stress disorder (PTSD) have not been met. 38 U.S.C. §§ 5107(b); 38 C.F.R. §§ 3.155, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty in the United States Army from November 1965 to September 1967.

This matter comes before the Board of Veterans’ Appeals (Board) from a May 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely appealed the May 2019 rating decision to the Board and requested Direct Review of the evidence considered by the RO. 

Legal Criteria

Generally, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase of compensation, dependency and indemnity compensation, or pension shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of the application for said benefits. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. For claims received within a year after separation from active service, the effective date will be the day following separation from service or date entitlement arose, whichever is later. 38 C.F.R. § 3.400(B)(2)(i). An effective date of an award of service connection is not based on the earliest medical evidence showing a causal connection, but on the date that the application upon which service connection was eventually awarded was filed with VA. See Lalonde v. West, 12 Vet. App. 377, 382 (1999).

The effective date of an award of disability compensation based on new and material evidence (other than service department records) received after a final disallowance shall be the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(q)(1)(ii).

The Board notes that effective March 24, 2015, VA amended its rules as to what constitutes a valid claim, requiring that claims be submitted on an application form prescribed by VA. 79 Fed. Reg. 57696 (Sept. 25, 2014); see also 38 C.F.R. §§ 3.1(p), 3.160. However, prior to March 24, 2015, VA defined “claim” as “a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit.” 38 C.F.R. § 3.1(p); see also 79 Fed. Reg. 57,696 (Sept. 25, 2014) (effective March 24, 2015) (eliminating informal claims). An “informal claim” was defined as “[a]ny communication or action indicating an intent to apply for one or more benefits.” 38 C.F.R. § 3.155(a). Thus, for claims filed prior to March 24, 2015, whether formal or informal, the essential elements were (1) an intent to apply for benefits, (2) an identification of the benefits sought, and (3) a communication in writing.” See Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009).

Entitlement to an effective date prior to February 12, 2019, for grant of service connection for posttraumatic stress disorder (PTSD)

The Veteran filed his original claim for entitlement to service connection for PTSD in June 2007. The claim was denied in an October 2007 rating decision. The October 2007 decision became final because the Veteran did not submit a Notice of Disagreement or new evidence in connection with the claim within the appeal period. 

The Veteran subsequently filed a VA 21-0966 Intent to File on April 7, 2017. Therein, the Veteran acknowledged that this form was not a claim in and of itself; that a complete application must be submitted before VA will process the claim(s); and that the complete application must be received within one year (i.e., by April 7, 2018) in order to preserve the April 7, 2017, effective date for the claim(s) that he intended to submit. However, the Veteran did not submit a formal VA 21-526EZ Fully Developed Claim requesting to reopen his claim for entitlement to service connection for PTSD until February 12, 2019. In a May 2019 rating decision, the RO granted service connection for PTSD with an initial 50 percent rating effective February 12, 2019. In June 2019 the Veteran submitted a Notice of Disagreement objecting to the assigned effective date of the grant of service connection. 

The Board notes VA regulations state that regarding a claim reopened after final disallowance, the effective date of that claim will be the date of receipt of the reopened claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

In this case, the initial claim became final in October 2007 and as such, the Veteran was required to re-open his claim. He did so on February 12, 2019. Therefore, the effective date for service connection for PTSD is the date the claim was reopened, February 12, 2019.

 

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Gorum, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.