﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191205-51458
DATE: October 30, 2020

ORDER

Entitlement to an effective date of July 2, 2010, for the grant of service connection for bipolar disorder (claimed as psychiatric condition and PTSD) is granted.

Entitlement to an effective date of July 2, 2010, for the grant of service connection for right knee strain with patellofemoral pain syndrome is granted.

Entitlement to an effective date of July 2, 2010, for the grant of service connection for left testicle orchiectomy is granted.

Entitlement to an effective date of July 2, 2010, for the grant of entitlement to special monthly compensation based on anatomical loss of left testicle is granted. 

FINDINGS OF FACT

1. The Veteran’s active duty ended on July 1, 2010.

2. The VA Form 21-0819 received from the Veteran on November 24, 2009 included PTSD, depression w/anxiety, undiagnosed right knee condition and left testicle removal; medical evidence establishes he had diagnoses and was entitled to service connection for each of these disabilities the date following his separation from active service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date of July 2, 2010, for service connection for bipolar disorder have been met. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. 

2. The criteria for entitlement to an effective date of July 2, 2010, for service connection for right knee strain with patellofemoral pain syndrome have been met. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. 

3. The criteria for entitlement to an effective date of July 2, 2010, for service connection for left testicle orchiectomy have been met. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. 

4. The criteria for entitlement to an effective date of July 2, 2010, for entitlement to special monthly compensation based on anatomical loss of left testicle have been met. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 2008 to July 2010.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). The law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review, and this decision has been written consistent with the new AMA framework.

The rating decision on appeal was issued in November 2019. In December 2019, the Veteran selected the Direct Review docket for this appeal; the Board will therefore consider only the evidence in the record at the time of the November 2019 rating decision. See 38 C.F.R. § 20.301.

1. Entitlement ot an effective date of July 2, 2010 for service connection for bipolar disorder is granted.

2. Entitlement to an effective date of July 2, 2010, for the grant of service connection for right knee strain with patellofemoral pain syndrome is granted.

3. Entitlement to an effective date of July 2, 2010, for the grant of service connection for left testicle orchiectomy is granted.

4. Entitlement to an effective date of July 2, 2010, for the grant of entitlement to special monthly compensation based on anatomical loss of left testicle is granted. 

The Veteran contends that he is entitled to an effective date prior to December 26, 2018, for service connection for his bipolar disorder, right knee strain with patellofemoral pain syndrome, left testicle orchiectomy and special monthly compensation based on anatomical loss of left testicle. He states that his original claim for service connection is dated November 2009, which is when he submitted a VA Form 21-0819 VA/DOD Joint Disability Evaluation Board Claim.

Generally, the effective date for the grant of service connection will be the day following separation from active service or the date entitlement arose, if the claim is received within one year after discharge from service. Otherwise, for an award based on an original claim, claim reopened after a final disallowance, or claim for an increased rating, the effective date is the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. 

The effective date for direct service connection is the day following separation from active service or date entitlement arose if the claim is received within one year after separation from service; otherwise, it will be the date of receipt of claim, or date entitlement arose, whichever is the later. 38 C.F.R. § 3.400 (b) (2) (i); see 38 U.S.C. § 5110 (a); Lalonde v. West, 12 Vet. App. 377, 382 (1999) (“[T]he effective date of an award of service connection is not based on the date of the earliest medical evidence demonstrating a causal connection, but on the date that the application upon which service connection was eventually awarded was filed with VA.”). 

Effective March 24, 2015, claims are required to be filed on standard forms, thus eliminating constructive receipt of claims and informal claims. See 79 Fed. Reg. 57,660 (Sept. 25, 2014). This case involves dates prior to March 24, 2015, so the regulations in place prior to that date are applicable and are referred to in this section.

A “claim” is defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1 (p) (2014). A claim for VA compensation must generally be in the form prescribed by the VA Secretary. See 38 U.S.C. § 5101 (a) (2012); 38 C.F.R. § 3.151 (a) (2014). Any communication or action, however, received from the claimant, or certain specified individuals on the claimant’s behalf, that indicates intent to apply for a benefit, and identifies that benefit, may be considered an informal claim. 38 C.F.R. § 3.155 (a).

The VA Form 21-0819, VA/DOD Joint Disability Evaluation Board Claim, received from the Veteran in November 2009 included PTSD, depression w/anxiety, undiagnosed right knee condition and left testicle removal. 

Thereafter, the Veteran underwent a VA examination in December 2009. The VA examiner diagnosed the Veteran with bipolar disorder, right knee patellofemoral syndrome and noted that the Veteran’s left testicle was removed in July 2009. 

A September 2019 rating decision granted service connection for bipolar disorder, right knee strain with patellofemoral pain syndrome, left testicle orchiectomy and granted entitlement to special monthly compensation based on anatomical loss of left testicle. The September 2019 rating decision established an effective date of December 26, 2018, the date VA received the Veteran’s VA Form 21-526 EZ, Application for Disability Compensation and Related Compensation Benefits.

The Board finds an effective date of July 2, 2010 is warranted for the Veteran’s bipolar disorder, right knee strain with patellofemoral pain syndrome, left testicle orchiectomy and entitlement to special monthly compensation based on anatomical loss of left testicle.

The VA Form 21-0819 received from the Veteran in November 2009 was clearly intended to begin the process of establishing entitlement to service connection. The form notes the Veteran would be referred to the Disability Evaluation System. It also explains to the Veteran that he was choosing to receive VA compensation instead of military retired pay unless he specifically opted not to do so. Additionally, the medical conditions listed included PTSD, depression, undiagnosed right knee condition and left testicle removal. 

The VA Form 21-0819 was received prior to the Veteran’s separation from active service. Additionally, the Veteran was diagnosed with the above conditions during his active service. As such, the Veteran is entitled to service connection for bipolar disorder, right knee strain with patellofemoral pain syndrome, and left testicle orchiectomy and entitlement to special monthly compensation based on anatomical loss of left testicle, July 2, 2010, the day following his separation from active service. 38 C.F.R. § 3.400.

 

 

ANTHONY C. SCIRÉ, JR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. G. LeMoine, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.