﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200125-73242
DATE: December 31, 2020

ORDER

Entitlement to an earlier effective date for service-connected posttraumatic stress disorder (PTSD) is denied.

FINDINGS OF FACT

1. An October 2011 rating decision denied service connection for PTSD. The Veteran did not appeal, nor submit new and material evidence within one year of the denial. 

2. All relevant service department records were of record at the time of the October 2011 rating decision.

3. The Veteran filed a supplemental claim for service connection for PTSD on October 23, 2019, and there is no evidence of an earlier claim.

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date for the grant of service connection for PTSD have not been met. 38 U.S.C. §§ 5110, 7105 (c); 38 C.F.R. §§ 3.114(a), 3.156, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served honorably on multiple periods of active duty, to include from December 1998 to December 2002, July 2003 to July 2005, and August 2008 to August 2010.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2019 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to an earlier effective date for the grant of service connection for PTSD is denied. 

The Veteran contends generally that he is entitled to an earlier effective date for his service-connected PTSD. Neither he nor his representative have put forth any specific argument as to why an earlier effective date is warranted.

In general, the effective date is the date of receipt of a claim, or the date entitlement arose, whichever is later. 38 U.S.C. §§ 5110 (a); 38 C.F.R. § 3.400. But unless otherwise provided, the effective date of compensation will not be earlier than the date of receipt of the claimant's application. 38 U.S.C. § 5110 (a).

Generally, a claim that has been denied in an unappealed decision may not be reopened and allowed. 38 U.S.C. §§ 7104 (b), 7105(c). An exception to this rule is 38 U.S.C. § 5108, which provides that if new and relevant evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall readjudicate the claim and review the former disposition of the claim. Effective date regulations provide that the appropriate effective date in those instances is the date of receipt of the claim to reopen, or the date entitlement arose, whichever is later. 38 U.S.C. §§ 5110 (a); 38 C.F.R. § 3.400(r).

The Veteran initially applied for service connection for PTSD in May 2011. An October 2011 rating decision denied the Veteran's claim. He was notified by letter dated October 11, 2011, that his claim was denied, and that if he disagreed with the decision, he had one year from the date of the letter to appeal. The correspondence also included VA Form 4107, Your Rights To Appeal Our Decision, which explained how to appeal. The Veteran did not appeal that decision. Likewise, the Veteran did not submit additional evidence within one year of that rating decision that would affect its finality.

Thereafter, on October 23, 2019, the Veteran filed a supplemental claim requesting his claim for service connection for PTSD be reopened and adjudicated under new criteria for establishing service connection for PTSD. 

The standard provisions governing effective dates for service connection claims apply and they are clear: the effective date is the date of receipt of a claim, the claim to reopen, or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400 (b)(2)(i). An exception to this is when, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. However, in this case, all relevant service treatment records were of record. 

The bulk of the Veteran’s’ service treatment records were received in 2005, 2010, and 2011. Some additional records were uploaded to the electronic claims file in 2014. However, most have a receipt date stamped on them of 2003. The records that appear to be new are all x-rays, which are not relevant to the Veteran’s appeal. While some personnel records were associated with the record in 2014, the Veteran’s deployment to Afghanistan was established and not in question at the time of the October 2011 rating decision. Furthermore, the December 2019 VA compensation examination on which this claim was granted cited to the Veteran’s stressors of combat situations in Afghanistan. This service, in concert with his current symptoms, led to the diagnosis of PTSD based on his fear of hostile military action. At the time of the October 2011 denial, the Veteran had also undergone a VA compensation examination. During the August 2011 exam, the Veteran’s Afghanistan service was also considered and accepted as fact, to include the combat situations; however, his symptoms at the time did not meet the diagnostic criteria to be clinically significant enough to warrant a diagnosis of PTSD. Rather, a diagnosis of “Phase of Life Problem” was noted. Thus, his claim was denied as not having a diagnosis that met the requirements for PTSD pursuant to 38 C.F.R. § 4.125 (diagnoses of mental disorders must conform to the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5), American Psychiatric Association (2013)). Therefore, the Board finds that the exception in 38 C.F.R. § 3.156(c) does not apply.

In sum, the Veteran's claim for service connection for PTSD was previously denied in October 2011, which became final. There is no evidence of an application to reopen his claim for PTSD until that which was received on October 23, 2019. Thus, the October 2019 effective date is proper.

To the extent that the Veteran argues for earlier effective dates based on when the Veteran was diagnosed, the effective date of an award of service connection is assigned not based on the date the disability appeared or the date of the earliest medical evidence demonstrating the existence of such disability and a causal connection to service or a service-connected disability; rather, the effective date is assigned based on consideration of the date that the application upon which service connection was eventually awarded was received by VA. See Lalonde v. West, 12 Vet. App. 377, 382-383 (1999). Accordingly, the criteria for earlier effective dates for service connection for PTSD has not been met. Thus, the claim is denied.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. M. Lowman, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.