# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-358

Judy M. Melton, Appellant,

v.

Togo D. West, Jr.,
Secretary of Veterans Affairs, Appellee.

Before NEBEKER, *Chief Judge*, and FARLEY and IVERS, *Judges.*

## O R D E R

The veteran, Judy M. Melton, appeals a July 23, 1997, decision of the Board of Veterans' Appeals (Board or BVA) denying an effective date prior to September 5, 1990, for a 70% rating for dissociative identity disorder. Both parties filed briefs and the veteran filed a reply to the Secretary's brief. This appeal is timely, and the Court has jurisdiction over the case pursuant to section 7252(a) of title 38, United States Code.

In a July 27, 1989, decision, the regional office (RO) denied the veteran entitlement to service connection for borderline personality disorder. R. at 339-40. The veteran did not file a timely appeal to that decision, and it became final. On September 5, 1990, the veteran submitted a new claim for service connection for a mental disorder (R. at 353), which the VA considered as a claim to reopen. R. at 356. On March 27, 1995, the Board determined that the veteran was entitled to service connection for dissociative identity disorder. R. at 731. The RO assigned the veteran an effective date of September 5, 1990, the date that the claim to reopen was submitted, and assigned a noncompensable rating because there was no diagnosis of dissociative identity disorder on the most current VA examination, dated June 3, 1995. R. at 744. In a July 24, 1996 rating decision, the RO increased the rating for dissociative identity disorder to 70% and assigned an effective date of September 5, 1990. R. at 1052. The veteran filed a Notice of Disagreement (NOD) in which she stated, "The only thing I disagree with in the decision is the effective date for which I became entitled to compensation . . . . I believe my eligibility for benefits was January 1989, not October 1, 1990." R. at 1061.

The effective date of disability compensation for a grant of service connection, following a final disallowance of the claim, will be the date of receipt of the new claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400 (q)(ii) (1999). In this case, the Board found that, contrary to the appellant's contentions, she was properly notified of the RO's July 27, 1989, decision denying her claim, that no timely appeal had been filed, and that the decision was therefore final. R. at 4-5. Nothing in the record, or the appellant's arguments before this Court, compels the conclusion that the Board's findings were clearly erroneous. Accordingly, the veteran's

effective date for service connection for dissociative identity disorder is September 5, 1990, the date of the filing of the claim to reopen. The veteran's July 27, 1989, RO decision became final when she failed to file a timely appeal.

The Court has considered the issue of abandonment but has found it not to be determinative in this case. The Court will provide the veteran with the benefit of judicial review, although counsel only peripherally addressed the issues in the appellant's initial brief and only fully articulated the veteran's position in the reply brief. *See Johnston v. Brown*, 10 Vet.App. 80, 84 (1997).

In the veteran's brief, counsel makes only incidental mention of the issues before the Court, doing so primarily in the table of contents and in a headnote in the brief. Appellant's Brief (Br.) at i. In the brief, counsel for the veteran argues at length that the Court should modify the standard and scope of its review. Counsel does not fully articulate the issue and the underlying theory that he wishes to pursue in this particular case until the reply brief. Counsel fails to mention either 38 C.F.R. § 3.400 (q) or (r) in his brief or reply, even though both the Secretary and the Board relied upon these provisions and they are controlling here. Counsel also failed to cite this Court's case law on the issue. Counsel's insistence on arguing what he thinks the law should be, while failing to acknowledge and adhere to existing precedent, is of no discernible benefit to his client or to the Court and prompts the Court to direct counsel's attention to Rule 3.3 of the MODEL RULES OF PROFESSIONAL CONDUCT (Candor Toward the Tribunal) (1998); *see also MacWhorter v. Derwinski*, 2 Vet.App. 655, 657 (counsel obliged as "officer[s] of this Court, to weigh and consider carefully the propriety of the response to be given the Court"), *appeal dismissed as moot on other grounds*, 3 Vet.App. 223 (1992) (per curiam).

On consideration of the foregoing, it is

ORDERED that the Board's decision of July 23, 1997 is AFFIRMED.


DATED:        April 24, 2000                    PER CURIAM.