﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190807-25742
DATE: January 31, 2020

ORDER

Entitlement to an effective date earlier than November 23, 2015, for the grant of service connection for a lumbar spine disability, to include on the basis of clear and unmistakable error (CUE) in an October 1969 rating decision that denied service connection for a back disability, is denied.

Entitlement to an effective date earlier than February 7, 2019, for the grant of service connection for right lower extremity (RLE) radiculopathy, to include on the basis of CUE in an October 1969 rating decision that denied service connection for a back disability, is denied.

Entitlement to an effective date earlier than February 7, 2019, for the grant of service connection for left lower extremity (LLE) radiculopathy, to include on the basis of CUE in an October 1969 rating decision that denied service connection for a back disability, is denied.

FINDINGS OF FACT

1. The October 1969 rating decision was subsumed by a February 1971 Board of Veterans’ Appeals (Board) decision.

2. There has been no allegation of CUE in the February 1971 Board decision.

3. Following the February 1971 Board decision, no further claim for service connection for a back disability was received by VA until November 23, 2015.

4. The Veteran was first diagnosed with bilateral lower extremity (BLE) radiculopathy on February 7, 2019.

CONCLUSIONS OF LAW

1. The October 1969 rating decision was subsumed by the February 1971 Board decision and is not subject to review on the basis of CUE. 38 U.S.C. § 7104; 38 C.F.R. § 20.1104.

2. An effective date prior to November 23, 2015, for the award of service connection for a back disability is not warranted. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.156, 3.400.

3. An effective date prior to February 7, 2019, for the award of service connection for RLE radiculopathy is not warranted. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.156, 3.400.

4. An effective date prior to February 7, 2019, for the award of service connection for LLE radiculopathy is not warranted. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.156, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from October 1968 to June 1969, including service in the Republic of Vietnam. 

This matter comes before the Board on appeal from a February 2019 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) that granted service connection for a back disability and BLE radiculopathy associated therewith. The Veteran presented sworn testimony at a hearing before the undersigned in January 2020, at which point he waived any additional time to submit evidence in support of his appeal; a transcript of the hearing has been associated with the record. 

Notably, in his August 2019 appeal the Veteran requested an earlier effective date for the grants of service connection, asserting there was CUE in a previous VA decision. To the extent his representative was attempting to allege CUE in the February 2019 rating decision, such a challenge is not ripe for review as the present appeal prevents that rating decision from being considered final. 

Similarly, while the Veteran’s representative wrote that there was CUE “…Increase Rating and Effective date” as to all three issues in the formal appeal, he agreed at the hearing that the sole issues before the Board were the effective date via CUE challenges. Again, the Board notes that a review of the February 2019 decision on the basis of CUE is not possible as that decision is not final.

As a final matter, evidence was added to the claims file during a period of time when new evidence was not allowed. Although it appears such evidence was submitted in relation to other claims, it is worth noting that the Board may not consider this evidence. 38 C.F.R. § 20.300. To the extent the Veteran wanted any post-decisional evidence (as opposed to argument) considered with regard to this appeal, he may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to an effective date earlier than November 23, 2015, for the grant of service connection for a lumbar spine disability, to include on the basis of CUE in an October 1969 rating decision.

At the January 2020 hearing, the Veteran essentially asserted that the October 1969 rating decision is clearly and unmistakably erroneous insofar as it denied service connection for a back disability. Specifically, he asserted that the RO erred in finding his back disability pre-dated his service and was not aggravated by such, especially since a back disability was not noted on his entrance examination. He further contends that the medical evidence available was insufficient to decide the case, in part due to the perceived racial prejudice of a medical practitioner who used the term “negro” to describe the Veteran. 

The statutory and regulatory guidelines for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. Unless specifically provided otherwise, the effective date of an award based on a claim reopened after final adjudication “shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110(a). Specifically, under 38 C.F.R. § 3.400(q)(2), the effective date based on new and material evidence other than service department records received after the final disallowance is the date of receipt of the new claim or the date entitlement arose, whichever is later. Under 38 C.F.R. § 3.400(r), the effective date based on a reopened claim is the date of receipt of the claim or the date entitlement arose, whichever is later. Sears v. Principi, 16 Vet. App. 244 (2002); Melton v. West, 13 Vet. App. 442 (2000). 

Prior to March 24, 2015, any communication or action, indicating intent to apply for one or more benefits under the laws administered by VA, was considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. 38 C.F.R. § 3.155. Since March 24, 2015, a claim must be filed on a form prescribed by the Secretary. 

Initially, the Veteran and his representative are advised that the October 1969 rating decision was subsumed by a subsequently issued February 1971 Board decision that affirmed the RO’s denial of the claim. 38 U.S.C. § 7104; 38 C.F.R. § 20.1104. As such, the underlying rating decision cannot be reviewed on the basis of CUE. The Veteran is advised that if he wishes to challenge the Board’s February 1971 decision, he must file a formal motion for such according to the requirements outlined at 38 C.F.R. § 20.1404. 

Aside from the allegation of CUE in the 1969 rating decision, the Veteran has not presented any argument or evidence as to why the effective date for the grant of service connection for a back disability should be earlier than November 23, 2015. The facts are not in dispute: the Veteran filed a claim for service connection for a back disability in June 1969, which was denied in a final February 1971 Board decision; there has been no allegation of CUE in the 1971 decision. Thereafter, VA received the Veteran’s application to reopen his claim for service connection for a back disability on November 23, 2015, and a February 2019 rating decision granted service connection for such and assigned an effective date of November 23, 2015, the date of the successful claim to reopen. Importantly, the Veteran has not asserted, and the record does not suggest that the Veteran filed any document prior to November 23, 2015, that can be construed as an informal or formal claim for service connection for a back disability. While he did submit a statement in December 1991 requesting that his claim be reopened, the RO denied his claim to reopen in an unappealed February 1992 administrative decision.

In the instant case, the effective date of the subsequent award of service connection can be no earlier than the date of the new application. As such, the preponderance of the evidence is against the assignment of an effective date prior to November 23, 2015, and the appeal must be denied. 

2. Entitlement to an effective date earlier than February 7, 2019, for the grant of service connection for RLE radiculopathy, to include on the basis of CUE in an October 1969 rating decision.

3. Entitlement to an effective date earlier than February 7, 2019, for the grant of service connection for LLE radiculopathy, to include on the basis of CUE in an October 1969 rating decision.

The sole theory of entitlement the Veteran has advanced with regards to his claim for an earlier effective date for his BLE radiculopathy is that an October 1969 rating decision that denied service connection for a back disability contained CUE. As discussed above, the rating decision cannot be reviewed for CUE as it was subsumed by a subsequent Board decision.

Furthermore, the Board notes that the Veteran has never filed a claim for service connection for BLE radiculopathy and service connection for such has instead been awarded based on 38 C.F.R. § 4.71(a), Diagnostic Codes (DCs) 5242-5243, General Rating Formula for Diseases and Injuries of the Spine, Note (1), which holds that neurological manifestations of a spine disability are part and parcel of a rating for the spine. In any event the effective date for an award will be the date of receipt of the claim or the date entitlement arose, whichever is later. Upon a careful review of the medical records and lay statements, the Board finds that February 7, 2019, is the first date the Veteran was diagnosed with BLE radiculopathy. Indeed, his VA treatment records explicitly indicate the lack of sciatica in the years prior to his February 7, 2019, examination and the Veteran has not reported a diagnosis prior to this date. Thus, the preponderance of the evidence is against the assignment of an effective date prior to February 7, 2019, for the award of service connection for BLE radiculopathy and the appeal must be denied. 

As a final matter, the Board sincerely apologizes to the Veteran for the use of the term “negro” in his medical records, which was indeed offensive, vile, and unbecoming. The use of such does not in any way encompass VA’s appreciation for the Veteran’s military service. 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Sosna, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.