Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200113-59563
DATE: July 14, 2021

ORDER

Entitlement to an earlier effective date of August 20, 2012 for service connection of posttraumatic stress disorder with alcohol use disorder in early remission (PTSD) is granted.

Entitlement to an effective date of August 20, 2012 for a total disability rating based on individual unemployability (TDIU) is granted.

Entitlement to an effective date of August 20, 2012 for the award of basic eligibility Dependents' Educational Assistance (DEA) under 38 U.S.C. Chapter 35 is granted.

FINDINGS OF FACT 

1. The Veteran submitted an initial claim for entitlement to service connection for PTSD that was received by VA on August 20, 2012.

2. The Agency of Original Jurisdiction (AOJ) denied the Veteran's claim for service connection for PTSD in an October 2013 rating decision. The Veteran submitted new and material evidence within the one-year appeal period, and the AOJ issued another rating decision denying service connection in September 2014. The Veteran timely filed an appeal on November 10, 2014. 

3. The AOJ granted service connection for PTSD in August 2017. In an October 2017 Statement in Support of Claim, the Veteran alleged clear and unmistakable error with respect to the effective date; the AOJ issued a rating decision denying an earlier effective date in March 2018.

4. The Veteran opted into the Rapid Appeals Modernization Program in April 2018 and selected higher level review for the March 2018 decision. The AOJ denied the claim in a September 2019 rating decision, and the Veteran filed a VA Form 20-0996 (Decision Review Request: Higher Level Review) in October 2019. The AOJ again denied the claim in a December 2019 rating decision, and the Veteran timely filed an appeal.

5. The Veteran's VA treatment records show he was diagnosed with PTSD on July 23, 2012.

6. The Veteran has been shown to have been unable to secure and follow substantially gainful employment since at least August 20, 2012 due to his service-connected PTSD.

7. As entitlement to a TDIU is granted herein as of August 20, 2012, basic eligibility for DEA benefits have been met as of that date.

CONCLUSIONS OF LAW

1. The AOJ's October 2013 rating decision that denied service connection for PTSD was never rendered final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.104, 3.156, 20.1103.

2. The criteria for entitlement to an earlier effective date of August 20, 2012, but no earlier, for service connection for PTSD have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.155, 3.156, 3.400.

3. The criteria for an effective date of August 20, 2012 for a TDIU are met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.1, 3.104, 3.105(a), 3.155, 3.156, 4.157, 3.159, 3.114, 3.185, 3.400.

4. The criteria for an effective date of August 20, 2012 for the award of basic eligibility for Dependents' Educational Assistance benefits are met. 38 U.S.C. §§ 3500, 3501, 3510; 38 C.F.R. § 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the United States Army Reserves from October 1977 to January 1978 and in the Army from February 1991 to March 1991 and June 1991 to December 1991.

These matters come before the Board of Veterans' Appeals (Board) on appeal of a December 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

The Agency of Original Jurisdiction (AOJ) denied the Veteran's claim for service connection for PTSD in an October 2013 rating decision. The Veteran submitted additional evidence within one year of the rating decision and the AOJ issued another rating decision denying service connection for PTSD in September 2014. The Veteran perfected an appeal of this claim on November 10, 2014.

The AOJ granted the Veteran's claim for service connection for PTSD in an August 2017 rating decision but assigned an effective date of August 1, 2017, the date the AOJ stated the Veteran was diagnosed with PTSD. In an October 2017 Statement in Support of Claim, the Veteran alleged there was clear and unmistakable error when the AOJ assigned an effective date of August 1, 2017 and sought an earlier effective date for his service-connected PTSD. The AOJ issued a rating decision in March 2018 finding no clear and unmistakable error and denying an earlier effective date. 

In April 2018, the Veteran opted into the Rapid Appeals Modernization Program (RAMP), requesting Higher Level Review of the March 2019 denial; the AOJ again denied the claim for an earlier effective date in a September 2019 rating decision. The Veteran filed a VA Form 20-0996 (Decision Review Request: Higher Level Review) in October 2019, and again the AOJ denied the claim in a December 2019 rating decision. The Veteran timely filed a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) seeking an earlier effective date only.

In his VA Form 10182, the Veteran selected the Hearing docket, and thus the Board may only consider the evidence of record at the time of the May 2019 rating decision on appeal, as well as any evidence submitted by the Veteran or his representative at the August 2020 Board videoconference hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). A transcript of the August 2020 hearing has been associated with the file.

The Veteran did not argue an earlier effective date for the award of TDIU or DEA in his VA Form 10182 or at his August 2020 Board hearing. However, it was raised by the record seeing as the Veteran's award of TDIU is based on his service-connected PTSD, and his grant of DEA is based on his grant of TDIU. Therefore, both issues will be addressed on appeal.

1. Entitlement to an earlier effective date of August 20, 2012 for service connection of PTSD is granted.

Earlier Effective Date

The effective date of an evaluation and award of compensation on an original claim for compensation will be the day following separation from active duty service or the date entitlement arose if the claim is received within 1 year after separation from service; otherwise, the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a)-(b)(1); 38 C.F.R. § 3.400(b)(2).

The Court of Appeals for Veterans Claims (Court) has explained that, in an original claim for service connection, the date entitlement arouse is governed by the date the claim is received, not the date of the medical evidence submitted to support a particular claim. See McGrath v. Gober, 14 Vet. App. 28 (2000). Where a prior unappealed decision becomes final and binding on a Veteran, the effective date of a subsequent award of service connection is the date of receipt of a reopened claim, not the date of receipt of the original claim. Sears v. Principi, 16 Vet. App. 244 (2002); Melton v. West, 13 Vet. App. 442 (2000).

The AOJ granted the Veteran service connection for PTSD in an August 2017 rating decision and assigned an effective date of August 1, 2017. The AOJ stated that this date was assigned because it is when the Veteran was first diagnosed with PTSD. The Veteran contends that he was diagnosed with PTSD in July 2012 and that his effective date should be August 20, 2012, the date he filed his claim.

During his August 2020 hearing testimony, the Veteran stated that he was told by a doctor in July 2012 that he had PTSD and should file a VA claim, which he did in August 2012. His doctor also wrote a letter to the Veteran's then-employer, Swift Trucking, explaining that the Veteran's PTSD affected his ability to drive trucks and that he could no longer work.

The Veteran's VA treatment records submitted in October 2012 show the Veteran was diagnosed with PTSD by a VA psychiatrist on July 23, 2012. These records also indicate the Veteran was undergoing treatment for depression and other PTSD-related symptoms. Additionally, Dr. D.H. wrote a letter to the Veteran's employer in August 2012 stating that it was recommended the Veteran not work during his treatment for depression and PTSD-related symptoms.

The AOJ based its assignment of an August 1, 2017 effective date on the date of the August 2017 examination because that is when the AOJ stated was the first diagnosis of PTSD in the Veteran's treatment records. However, as noted above, there are multiple instances in the Veteran's VA treatment records, as well as additional statements by his treating physicians, that indicate he was diagnosed with PTSD as early as July 23, 2012, and thus had a diagnosis throughout the entire appeal period. While the Veteran's PTSD was not verified as being related to service until the August 1, 2017 VA examination, this does not prevent the Veteran from being granted an effective date of the filing of his original claim. As stated by CAVC, the date evidence is submitted or received is irrelevant when considering the effective date awarded in an original claim for benefits. McGrath, 14 Vet. App. at 22.

Accordingly, the Board finds that although the Veteran's PTSD was not determined to be related to his service until August 1, 2017, the evidence of record shows the Veteran was diagnosed with PTSD on July 23, 2012 and thus had a current diagnosis throughout the entire appeal period. As such, an earlier effective date of August 20, 2012, the date the Veteran filed his original claim, is warranted. 

2. Entitlement to an effective date of August 20, 2012 for a total disability rating based on individual unemployability (TDIU) is granted.

As TDIU is a type of increased rating claim, the laws governing the assignment of effective dates for these types of claims apply. Unless specifically provided otherwise, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a). Generally, the effective date of an evaluation and award of service-connected compensation is the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. If it is factually ascertainable that an increase in disability occurred one year or less prior to filing a claim for an increased rating, the date of the worsening can serve as the effective date. If the worsening occurred more than one year prior to the date of claim, the date of claim will serve as the effective date. 38 C.F.R. § 3.400(o)(2).

Entitlement to TDIU was granted in a March 2018 rating decision, with an effective date of August 1, 2017, the date the Veteran met the schedular requirements for TDIU based on the award of a 70 percent disability rating for PTSD. Although the Veteran only alleged an earlier effective date for his service-connected PTSD, because his TDIU is based on his PTSD, and because the Veteran's effective date for PTSD has been determined herein to be August 20, 2012, the record has raised the issue of an earlier effective date for TDIU. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

The Veteran has asserted that he has not worked since July 2012, and that his last position was as a truck driver. He contends that his service-connected PTSD rendered him unable to work. The Veteran indicated that he had completed high school and two years of college and had not received any additional training or education. 

As his claim for TDIU is associated with a claim for an earlier effective date for his PTSD under Rice, the Board finds that the appeal period for entitlement to TDIU began on August 20, 2012, the date the Veteran filed his claim for service connection for PTSD.

A TDIU is based on unemployability due solely to service-connected disabilities. A total disability rating may be assigned where the schedular rating is less than total when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

As established herein, effective August 20, 2012, the Veteran was service connected for PTSD at a 70 percent disability rating, tinnitus at a 10 percent disability rating, and right ear hearing loss at a 0 percent disability rating. His combined rating was 70 percent as of August 20, 2012. As such, the percentage requirements for a TDIU rating under 38 C.F.R. § 4.16(a) were met as of this date. The evidence of record supports that a TDIU under 38 C.F.R. § 4.16(a) is warranted as of August 20, 2012. 

An August 2017 VA examination report shows that the Veteran's PTSD caused him to have occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment thinking and/or mood. The Veteran reported working for a friend at a demolition company, working for NASCAR for 6 years, then worked for Swift as a truck driver for 6 months before being sent for inpatient treatment and was diagnosed with PTSD. He reported that he has gone "downhill" since July 2012 and has been unable to find work since.

The term unable to secure and follow a substantially gainful occupation in § 4.16(b) has two components: one economic and one noneconomic. The economic component means an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. The non-economic component includes consideration of the Veteran's history, education, skill, and training; whether the Veteran has the physical ability to perform the type of activities required by the occupation at issue; and whether the Veteran has the mental ability to perform the activities required by the occupation at issue. Ray v. Wilkie, 31 Vet. App. 58, 72-73 (2019).

In a claim for TDIU, the ultimate question of whether a Veteran is capable of substantially gainful employment is not a medical one; that determination is for the adjudicator. See 38 C.F.R. § 4.16(a); see also Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013) (noting that applicable regulations place responsibility for the ultimate TDIU determination on the adjudicator, not a medical examiner).

The Veteran has contended that he has been unable to work since July 2012 and the evidence reveals that the Veteran has, in fact, not worked since July 2012. In the absence of actual employment, the Board turns to the non-economic component of TDIU.

For the second component, attention must be given to the veteran's history, education, skill and training; the veteran's physical ability (both exertional and non-exertional) to perform the type of activities (e.g., sedentary, light, medium, heavy or very heavy) required by the occupation at issue, with relevant factors such as lifting, bending, sitting, standing, walking, climbing, grasping, typing, reaching, auditory and visual; and whether the Veteran has the mental ability to perform the type of activities required by the occupation at issue, with relevant factors such as memory, concentration, and ability to adapt to change, handle work place stress, get along with coworkers and demonstrate reliability and productivity. Ray v. Wilkie, 31 Vet. App. 58, 66 (2019).

In this case, the Board finds that the impairment attributable to his service-connected PTSD would prevent him from securing and maintaining gainful employment beginning August 20, 2012. The Veteran's most recent employment was as a truck driver, which would be very difficult with the Veteran's issues with memory and concentration, as well as his impaired judgment and impulse control noted in the August 2017 examination. His lay statements and medical evidence during the time period beginning August 20, 2012 show that his PTSD caused significant impairment and would prevent him from maintaining this type of employment. As such, the Board finds that TDIU is warranted beginning August 20, 2012.

3. Entitlement to an effective date of August 20, 2012 for the award of basic eligibility for Dependents' Educational Assistance (DEA) benefits under 38 U.S.C. Chapter 35 is granted.

For purposes of entitlement to DEA benefits under 38 U.S.C. Chapter 35, basic eligibility exists if, among other things, a veteran was discharged from service under conditions other than dishonorable and is rated permanently and totally disabled due to service-connected disabilities. 38 U.S.C. § 3501; 38 C.F.R. §§ 3.807, 21.3021.

When the AOJ granted TDIU effective August 1, 2017, the basic eligibility for DEA was established. DEA benefits may not be awarded prior to the effective date of an award of a permanent and total disability rating.

Here, the Board is granting an effective date of August 20, 2012, for entitlement to TDIU. Therefore, the Veteran is entitled to an effective date of August 20, 2012 for entitlement to DEA benefits. 38 U.S.C. §§ 3501, 3510. To this extent, the claim is granted. 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Gabrielle Ongies, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.